## La ROCHE v. MULHALL.

(Supreme Court, Appellate Term.   November 24, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW.
   Though on appeal from the Municipal Court the Appellate Term will overlook technical defects, still it cannot give a new trial in order solely that an issue may be submitted to the jury which was totally abandoned on the trial by the party who raised it in his pleading.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. LANDLORD AND TENANT (§ 172*)—RENT—DEFENSES—EVICTION.
   A defense of constructive eviction in an action for rent cannot be based on defective plumbing, where the lease particularly provides that all repairs during the term of the lease should be done by the tenant.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 701; Dec. Dig. § 172.*]

3. LANDLORD AND TENANT (§ 231*)—RENT—DEFENSES—FRAUD.
   In an action for rent, the defense of fraudulent representations as to sanitary conditions, inducing defendant to make the lease, and a rescis-

sion of the contract and surrender of the premises upon discovery of the fraud, is not made out where the defendant remained eight months before raising the claim of fraud, and where the evil smells alleged to have caused sickness in defendant's family came from a leak in the plumbing, which may have occurred long after the alleged representations as to the sanitary conditions.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Philip B. La Roche against Max J. Mulhall for rent. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Parker, Hatch & Sheehan (John W. Searing, of counsel), for appellant.

Philip B. La Roche, Jr., for respondent.

PER CURIAM. The action is for rent for the month of May, 1908, under a written lease from plaintiff to defendant for 5 years and 15 days from September 15, 1907, at a monthly rent of $125, payable in advance. The defendant abandoned the premises on April 30, 1908. The answer sets up two defenses, viz.: The first defense is one of fraudulent representations in inducing defendant to make the lease and a rescission of the contract and surrender of the premises upon discovery of the fraud; and the second defense is one of a constructive eviction. The first of these defenses was the only one urged upon the trial and considered by the jury, who found against defendant upon said defense, and gave a judgment for plaintiff in the full amount claimed. No allusion to the defense of constructive eviction was made in the charge, nor was it in any way called directly to the notice of the jury as an issue in the case. No request was made by the defendant's counsel calling the attention of the court to this second defense; but upon the whole trial the efforts of defendant were directed solely to an endeavor to substantiate the defense of fraud. While it is true that in appeals from the Municipal Court the Appellate Term will overlook technical defects in an effort to secure substantial justice between the litigants, still it cannot give a new trial in order solely that an issue may be submitted to the jury, which was totally abandoned on the trial by the party who raised it in his pleading, even assuming that, under the evidence, the issue thus ignored should have been submitted to the jury, which was not the situation in the case at bar, since the lease particularly provided that all repairs during the term of the lease should be done by the tenant, so that no obligation whatever rested upon plaintiff to remedy the defective plumbing upon which the defense of constructive eviction was based. So far as the issue litigated at the trial is concerned, it is sufficient to observe that, although it was defendant's duty to rescind the contract promptly upon discovering the fraud, it appears that the defendant remained as tenant for eight months before raising the claim of fraudulent misrepresentation, and that the evil smells, which are alleged to have caused sickness in defendant's family,

came from a leak in the plumbing which, so far as appears, may have occurred long after the alleged representations by plaintiff as to the sanitary conditions of the premises, and which smells certainly do not appear to have become observable until eight months after the occupancy by defendant began.

Judgment affirmed, with costs.